NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEARTLAND PAYMENT SYSTEMS, INC., | Civil Action No. 15-3544 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| JESSICA STEVES, | |
| Defendant. | |
| JESSICA STEVES, | |
| Counterclaim Plaintiff, | |
| v. | |
| HEARTLAND PAYMENT SYSTEMS, INC., | |
| Counterclaim Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendant and Counterclaim Plaintiff Jessica Steves ("Steves") to transfer this action to the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a) [Docket Entry 21]. Plaintiff and Counterclaim Defendant

1

Heartland Payment Services, Inc. ("HPS") has opposed the motion. The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will deny Steves' motion to transfer the action to the Southern District of Texas.

I.  **BACKGROUND**

Related to the current motion before this Court, the Complaint alleges as follows. HPS employed Steves as a sales person in the Houston, Texas area for nearly eight years, first as a Relationship Manager ("RM") in May 2006 and later as a Territory Manager/Senior Territory Manager ("TM/STM") starting around December 2007. (Compl., Docket Entry 1, Ex. A. at ¶¶ 5, 15-17.)

Steves signed several agreements with HPS governing the terms of her employment. Many of these agreements included forum selection clauses. The relevant text of those agreements is reproduced below.

> Any suit, action or proceeding arising out of or relating to this Agreement shall be brought only in the Superior Court in the County of Bergen, New Jersey or the United States District Court for the District of New Jersey and TM/STM hereby agrees and consents to the personal and exclusive jurisdiction of said courts over him or her as to all suits, actions and proceedings arising out of or related to this Agreement, and TM/STM further waives any claim that such suit, action or proceeding is brought in an improper or inconvenient forum.

(Agreement of December 14, 2007, ¶ 13(j) [Docket Entry 15, Ex. A.])

> This agreement is made and entered into under the laws of the State of New Jersey and the laws of that State shall govern the validity and interpretation hereof and the performance by the parties hereto of their respective duties and obligations hereunder. The exclusive jurisdiction and venue for any action or proceeding in connection herewith or related hereto shall be the courts of Bergen County, New Jersey or the United States District Court for the District of New Jersey. Seller agrees and consents to the personal and exclusive jurisdiction of said courts as to all such actions and Seller further waives any claim that such action is brought in an improper or inconvenient forum.

2

(Agreement of October 12, 2010, ¶ 6 [Docket Entry 15, Ex. B.])[1]

> This agreement is made and entered into under the laws of the State of New Jersey and the laws of that State shall govern the validity and interpretation hereof and the performance by the parties hereto of their respective duties and obligations hereunder. The exclusive jurisdiction and venue for any action or proceeding in connection herewith or related hereto shall be in the State courts of New Jersey or the United States District Court for the District of New Jersey. Seller agrees and consents to the personal and exclusive jurisdiction of said courts as to all such actions, and Seller further waives any claim that such action is brought in an improper or inconvenient forum.

(Agreement of October 17, 2013, ¶ 6 [Docket Entry 15, Ex. C.])

Steves resigned from HPS in March of 2014, and, on April 7, 2015, HPS filed suit against Steves in the Superior Court of New Jersey, Chancery Division, Bergen County, alleging fraud and breach of contract for Steves' conduct during and after her employment with HPS [Docket Entry 1, Ex. A]. Steves removed this case to this Court on May 26, 2015 [Docket Entry 1]. Steves filed an answer and counterclaim on June 16, 2015 [Docket Entry 7], and amended her answer and counterclaim on August 24, 2015 [Docket Entry 14], in response to HPS's partial motion to dismiss filed on July 21, 2015 [Docket Entry 10]. HPS filed a motion for a preliminary injunction on September 11, 2015 [Docket Entry 15], and, as part of her opposition to the preliminary injunction motion, Steves filed the instant motion on October 5, 2015 [Docket Entry 21].

## II. DISCUSSION

Steves has moved to transfer this action to the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest

---

[1] The parties dispute whether Steves in fact signed an Agreement dated August 13, 2010 [Docket Entry 15, Ex. D]. Paragraph 6 of that Agreement contains a forum selection clause with the same language as the forum selection clause included at Paragraph 6 of the Agreement of October 12, 2010, as reproduced above.

3

of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." *Lafferty v. St. Riel*, 495 F.3d 72, 76–77 (3d Cir. 2007). In exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 616, (1964).

  Steves' motion to transfer venue properly falls within the purview of § 1404(a), as both the District of New Jersey and the proposed transferee district would serve as proper venues for this action. The federal statute governing venue provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). It further provides that venue is proper where a substantial part of the events or omissions giving rise to the claim occurred. *Id.* § 1391(b)(2). Steves resides in the Southern District of Texas, but has waived any objections to the District of New Jersey as a venue for this action if the forum selection clause is valid and enforceable. *See* 28 U.S.C. § 1406(b) (the venue statute will not "impair the jurisdiction of a district court" where a party does not raise a timely and sufficient challenge to venue). As with personal jurisdiction, an objection to venue may be waived. *See, e.g.*, *Huntington Learning Ctr.*,

4

*Inc. v. Read It., N.C., Inc.*, No. 12-3598, 2013 WL 2404174, at *6 (D.N.J. May 30, 2013); *Actega Kelstar, Inc. v. Musselwhite*, No. 09-1255, 2009 WL 1794793, at *3 (D.N.J. June 22, 2009); *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 375 (D.N.J. 2000).

### a. Validity and Enforceability of the HPS-Steves Forum Selection Clauses

It is well established that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983), *cert. denied*, 464 U.S. 938 (1983), *overruled on other grounds by Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989) (holding same). Forum selection clauses are routinely upheld, even in situations involving adhesion contracts, unequal bargaining power, and the absence of negotiations over the clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594–95 (1991) (holding that forum selection clause on back of cruise ticket was enforceable despite lack of bargaining over the terms of the clause). To defeat enforcement, the objecting party must make a strong showing "(1) that [the forum selection clause] is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp.*, 709 F.2d at 203. The Third Circuit has defined a forum selection clause to be "unreasonable" if the party resisting the clause's application can make a strong showing that the selected forum is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court or that the clause was procured through fraud or overreaching." *Foster v. Chesapeake Ins. Co. Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (internal quotations and citations omitted).

Steves, as the party resisting the application of the forum selection clause to this dispute, bears the burden to establish fraud or overreaching, violation of public policy, or that application of the forum selection clause would be unreasonable. The plain language of the forum selection clause encompasses this action in its scope and suggests that venue either in this Court or in the state courts of New Jersey (specifically in Bergen County in several of the agreements) is mandatory. The forum selection clause was part of a freely negotiated contract between two sophisticated parties, and it is undisputed that Steves signed three agreements[2] containing a forum selection clause granting mandatory jurisdiction to this Court or the state courts of New Jersey during her employment with HPS. *See The Bremen*, 407 U.S. at 12.

Steves does not challenge the application of the forum selection clause to this litigation for fraud, overreaching, or violation of public policy. Instead, Steves asserts that the forum selection clause should not be enforced because it would be unreasonable for her to litigate this case in New Jersey. Steves argues that litigating in New Jersey would be inconvenient for her, given that relevant witnesses may not travel to New Jersey and that litigation will be more expensive for her in New Jersey than it would be in Texas. Furthermore, Steves cites personal considerations as justification for her request for this Court to not enforce the forum selection clause. But:

> Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that plaintiff received under the contract consideration for these things. If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action, then plaintiff should be bound by his agreement.

---

[2] As noted above, the parties dispute whether Steves signed a fourth Agreement containing a forum selection clause.

*Cent. Contracting Co. v. Maryland Cas. Co.*, 367 F.2d 341, 344 (3d Cir. 1966). The parties agreed to litigate disputes in New Jersey per the terms of their agreements, and presumably Steves was aware of the distance between the specified New Jersey forums and her home when she signed the agreements. Also, Steves has not submitted evidence to support her claims of inconvenience and expense for herself and witnesses, and generally such unsupported claims do not satisfy the strict standard of proof required for a court to overturn a forum selection clause. *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 471-72 (D.N.J. 1998) (citing *Cent. Contracting Co.*, 367 F.2d at 344). Steves has not shown that litigating in New Jersey would be so inconvenient to her so as to deprive her of her day in court.

The Court finds no basis to conclude that holding Steves to her bargain with HPS would be unfair, unjust, or unreasonable, and thus concludes that the forum selection clauses in this case are valid and enforceable.

### b. Transfer under § 1404(a): Private and Public Interest Factors

The Third Circuit has provided district courts with a list of private and public interest factors a district court should consider when deciding a motion to transfer under §1404(a). The private interest factors are: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum). *Jumara*, 55 F.3d at 879. The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two

fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80. Steves bears the burden in this action to demonstrate that this action should be transferred to the Southern District of Texas. *Id.* at 879.

In a federal case grounded in diversity jurisdiction, such as the case at bar, it is federal law—and particularly § 1404(a)—which governs the district court's enforcement of the forum selection clause in deciding whether to transfer venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). The Supreme Court has held that in determining whether transfer of venue is proper, "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (citing *Stewart,* 487 U.S. at 31). When the parties have agreed to a valid forum selection clause:

> a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is conceivable in a particular case that the district court would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, such cases will not be common.

*Id.* at 582 (internal citation and quotation marks omitted).

Steves has presented a number of arguments as to why this Court should transfer this action, most of which relate to her preferences and convenience. In particular, Steves notes that witnesses she believes will be important to the case are located in Texas, including her husband and HPS employees. Steves also notes that her financial condition may impact her ability to fully litigate the case in New Jersey, and that the claim itself arose based on actions in Texas. All of

these considerations fall under the private interest factors listed above. Since this action is governed by the valid forum selection clause Steves and HPS signed, this Court will not consider private interest factors related to Steves' convenience in the analysis of the motion to transfer.

On the public interest factors, Steves has asserted that this case is related to actions that occurred in Texas, making Texas the appropriate forum given the local interest in deciding local controversies at home.  HPS counters that Steves has not adequately demonstrated that local interests are at stake in this action.  Further, HPS asserts that New Jersey has an interest in governing the disputes of its citizens, including HPS, particularly given that New Jersey law will apply to many of the claims at issue in this case.  The Court finds that even if Texas has some local interest in this dispute, New Jersey also has a local interest in the dispute, given that HPS is at home in New Jersey. This factor may weigh slightly towards transfer, but does not outweigh the effect of the valid forum selection clause in this action.

The familiarity of the trial judge with the applicable state law in diversity cases favors retaining this Court as the litigation forum.  As HPS points out, the employment contracts governing Steves' employment have choice of law provisions dictating that New Jersey law will govern many of the claims at issue.  Although district courts throughout the country apply substantive state law from other states in diversity actions, this Court will have more experience with the application of New Jersey state law than any other federal forum will.

The other public interest factors are neutral or do not apply in this action.  There is no evidence that a court in New Jersey or Texas would face issues with the enforceability of a judgment in this case.  Neither side has asserted any compelling public policy issues that differ between New Jersey and Texas.  And neither side has argued that court congestion would affect the ability to reach a rapid resolution in this case in New Jersey or Texas.

For the Court to grant this motion, Steves must demonstrate that this action should be transferred, but venue in this action is governed by valid forum selection clauses. Steves has failed to show that consideration of public interest factors in this case makes a transfer in the interests of justice.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Steves' motion to transfer this action to the Southern District of Texas. An appropriate Order will be filed.

                                                    s/ Stanley R. Chesler
                                                    STANLEY R. CHESLER
                                                    United States District Judge

Dated: December 1, 2015